UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS HINES, RICHARD PRESCOTT, JR., and JASON BURNS,<br><br>Plaintiffs,<br><br>v.<br><br>THOR INDUSTRIES, INC., FOREST RIVER INC., and WINNEBEGO INDUSTRIES, INC.,<br><br>Defendants. | Docket No.   1:24-cv-11476 |

## CLASS ACTION COMPLAINT AND JURY DEMAND

The Plaintiffs, Dennis Hines and Jason Burns, on behalf of themselves and all others similarly situated (the "Class"), bring this complaint against the Defendants, Thor Industries, Inc. and Winnebego Industries, Inc. and allege as follows:

### A. PARTIES

1. The Plaintiff, DENNIS HINES, is an individual who at all times relevant resided at 11 Black Pond Hill Road, Norwell, Plymouth County, Massachusetts 02061.

2. The Plaintiff, JASON BURNS, is an individual who at all times relevant resided at 622 Valentine Street, Fall River, Bristol County, Massachusetts, 02720.

3. The Plaintiff, RICHARD PRESCOTT, JR., is an individual who at all times relevant resided at 13 Larrabee Terrace, Peabody, Massachusetts 01960.

4. The Defendant, THOR INDUSTRIES, INC., is a corporation with a principal place of business located at 701 Country Road 15, Elkhart, Indiana, 46516.

5. The Defendant, FOREST RIVER, INC., is a corporation with a principal place of business located at 900 CR 1 N, P.O. Box 3030, Elkhart, Indiana 46515.

1

6. The Defendant, WINNEBEGO INDUSTRIES, INC., 605 West Crystal Lake Road, Forest City, Iowa, 50436.

## B. JURISDICTION

7. Pursuant to 28 U.S.C. § 1332(d), the United States District Court for the District of Massachusetts has jurisdiction to hear this matter based upon a grant of diversity jurisdiction particular to class action suits by the United States Congress in the Class Action Fairness Act of 2005.

8. As is detailed below, the amount in controversy exceeds the sum of $5,000,000.00 and the members of the Plaintiffs' class exceed 100 in number.

9. Because the Defendants are not a citizens of the Commonwealth of Massachusetts, the exceptions to the grant of diversity jurisdiction set forth in 28 U.S.C. § 1332(d)(4) are inapplicable.

## C. NATURE OF THE ACTION

I. <u>NFPA 72 and 1192</u>

10. The National Fire Protection Agency, (hereafter "NFPA"), issues fire protection standards, including those that govern residential homes, commercial properties, and recreational vehicles.

11. United Laboratories, (hereafter "UL"), also issues standards for fire protection devices, including smoke alarms for installation in residential homes, commercial properties, and recreational vehicles.

12. NFPA 1192 is the fire standard that applies to recreational vehicles, such as the vehicles sold by the Defendants and purchased by the Plaintiff.

13. NFPA 1192 specifically references certain fire protection standards within its provisions and states that they all shall be considered part of NFPA 1192, including UL 217.

14. UL 217 states that the smoke alarms shall be installed in at locations set forth in NFPA 72.

15. NFPA 72 states the following:

> "smoke alarms and smoke detectors shall not be installed within an area of exclusion determined by a 10 feet radial distance along a horizontal path from a stationary or fixed cooking appliance, unless listed for installation in a close proximity to cooking appliances. Smoke alarms and smoke detectors installed between 10 feet and 20 feet along a horizontal flow path from a

stationary or fixed cooking appliance shall be equipped with an alarm-silencing means or use photoelectric detection."

16. The Defendants are members of the Recreational Vehicles Industry Association, (hereafter "RVIA"), and all of the members of the RVIA certify that their vehicles are in compliance with NFPA 1192.

17. The Defendants state on their recreational vehicles that their recreational vehicles are in compliance with National Fire Protection Association's National Fire Alarm and Signaling Code ("NFPA 72").

18. This is a cause of action in which the Plaintiffs are alleging that the Defendants have installed smoke alarms that utilize ionization smoke sensing technology within 10 feet of a fixed cooking appliance in certain of its recreational vehicles, such as those purchases by the Plaintiffs.

19. The proposed class is any individual who purchased a recreational vehicle manufactured by the Defendants that has an ionization smoke alarm installed within ten feet of a fixed cooking appliance in violation of NFPA 72.

20. As set forth in NFPA 72, installing an ionization smoke alarm within ten feet of a fixed cooking appliance <u>increases</u> the risk of nuisance alarms, i.e. false smoke alarms that often occur while an occupant is cooking.

21. Nuisance alarms are a significant risk because occupants disable the alarm during the nuisance alarm and do not re-enable the alarm, leaving the occupants without the protection of the disabled alarm.

22. A recent study performed by the NFPA showed that 84% of fires in recreational vehicles did not have a working smoke alarm installed at the time of the fire. 86% of deaths and injuries in recreational vehicle fires occur in these recreational vehicles without smoke alarms.

23. Given recreational vehicles have smoke alarms installed at the time of purchase, the aforementioned NFPA study reveals that people are disabling the smoke alarms. The leading cause of a disabled smoke alarm is due to nuisance alarms.

24. This action seeks damages from the Defendants in the form of a photoelectric smoke alarm replacement for all members of the proposed class to reduce the established risk that the members have and/or will disable their ionization smoke alarm due to nuisance alarms.

II. <u>The Plaintiffs' Vehicles</u>

19. Dennis Hines owns a owns a 2020 Winnebego Travato 59K Motorhome (the "Hines RV").

20. The Hines RV is equipped with a First Alert (FG250RV) battery powered ionization smoke alarm. The smoke alarm is located three feet six inches from the propane stove burner used for cooking in the Hines RV.

21. Jason Burns owns a 2020 Colman by Dutchman Lantern LT Series M-262BH recreational vehicle (the "Burnes RV").

22. The Burnes RV is equipped with a First Alert (Model FG250RV) battery powered ionization smoke alarm. The smoke alarm is located seven and ½ feet from the propane stove burner used for cooking in the Burns RV.

23. Richard Prescott, Jr. owns a 2017 Coachmen Chaparral Lite 295 BHS Fifth Wheel recreational vehicle (the "Prescott RV").

24. Richard Prescott, Jr.'s RV is equipped with a First Alert (Model FG250RV) battery powered ionization smoke alarm. The smoke alarm is located 9 feet from the propane stove burner used for cooking in the Prescott RV.

25. Mr. Hines, Mr. Burnes, and Mr. Prescott have disabled their smoke alarms in their respective recreational vehicles due to nuisance alarms.

26. Upon information and belief, Thor Industries, Inc. has sold approximately 2,352,000 recreational vehicles since 2010.

27. Upon information and belief, Winnebego Industries, Inc. has sold approximately 637,000 recreational vehicles since 2010.

28. Upon information and belief, Forest River, Inc. has sold approximately 1,911,000 recreational vehicles since 2010.

**D. CLASS ALLEGATIONS**

25. The Plaintiffs bring this action on behalf of themselves and all other similarly situated persons pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and/or (b)(1), (b)(2), and or (c)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

I. **Composition of the Class**

26. The Plaintiffs seek to represent the following class:

> All persons who purchased and currently own a recreational vehicle manufactured by any of the Defendants that has an ionization smoke alarm installed within ten feet of a fixed cooking appliance. Excluded from the Class are the Defendants and their subsidiaries

and affiliates; all persons who make timely election to be excluded from the Class; government entities, and the Judge to whom the case is assigned to.

27. The Plaintiffs reserve the right to revise the Class definition based upon information learned through discovery or if further investigation reveals that the Class should be expanded, divided into subclasses, or otherwise modified in any other way.

II. **The Class Satisfies the Requirements of Fed. R. Civ. P 23**

28. Certification of the Plaintiffs' claims for class-wide treatment is appropriate because the Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

29. This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

i. Numerosity

30. In accordance with Federal Rule of Civil Procedure 23(a)(1), the members of the Class are so numerous that individual joinder of all Class members is impracticable. While the exact number of Class members is currently unknown, and can only be ascertained through appropriate discovery, the members of the Class are likely to number in the millions, and the disposition of the Class members' claims in a single action will provide substantial benefits to all parties and to the Court. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

ii. Commonality and Predominance

31. In accordance with Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3), this action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

(a) Whether Defendants engaged in the conduct alleged herein;

(b) Whether Defendants sold recreational vehicles to consumers with ionization smoke alarms within ten feet of a fixed cooking appliance;

(d) Whether Defendants' conduct violates Massachusetts law as asserted herein;

(e) Whether Plaintiffs and the other Class members are entitled to money damages and the amount of such damages;

   (f) Whether Plaintiffs and the other Class members are entitled to punitive or exemplary damages and the amount of such damages;

   (g) Whether Defendants should be required to reimburse losses, pay damages, and/or pay treble damages as a result of the above-described practices; and

   (h) Whether Plaintiffs and the other Class members are entitled to declaratory relief and injunctive relief to prevent future violations of the law by Defendants.

  iii. <u>Typicality</u>

32. In accordance with Federal Rule of Civil Procedure 23(a)(3), Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the Defendants' wrongful conduct as described herein.

  iv. <u>Adequacy</u>

33. In accordance with Federal Rule of Civil Procedure 23(a)(4), Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the other members of the Class they seek to represent; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

  v. <u>Declaratory and Injunctive Relief</u>

34. In accordance with Federal Rule of Civil Procedure 23(b)(2), Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief with respect to the Class as a whole, as described below.

  vi. <u>Superiority</u>

35. In accordance with Federal Rule of Civil Procedure 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the burden on the court system would be enormous and unwarranted. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense

to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**E. CAUSES OF ACTION**

## COUNT I
### Negligence

36. Plaintiffs repeat and reaver all of the allegations contained above as if rewritten and realleged herein.

37. The Defendants owed a duty of reasonable care to consumers, including the Plaintiffs, with regard to the design, manufacture, assembly, testing, labeling, distribution, marketing, advertising and selling of their recreational vehicles.

38. The Defendants participated in and/or controlled the design, manufacture, assembly, testing, labeling, distribution, marketing, advertising and selling of their recreational vehicles, creating a deadly risk to the consumers, including the Plaintiffs, by failing to comply with NFPA 72 and 1192 when it installed ionization smoke alarms within ten feet of a fixed cooking device in the recreational vehicle.

39. The Defendants knew or with reasonable diligence should have known not to install ionization smoke alarms in their recreational vehicles within ten feet of a fixed cooking device, yet they continued to market and sell their recreational vehicles with ionization type smoke detectors within ten feet of a fixed cooking device.

40. As the direct and proximate result of the negligence of the Defendants, the Plaintiffs and Class members have suffered damages in an amount to be determined at trial.

## COUNT II
### Breach of Express Warranty

41. Plaintiffs repeat and reaver all of the allegations contained above as if rewritten and realleged herein.

42. The Defendants were merchants who sold recreational vehicles and held themselves out as having knowledge or skill specific to the manufacturing of such products.

43. The Defendants expressly warranted that their recreational vehicles were in compliance with NFPA 1192, were of merchantable quality, fit for the particular purpose it was intended, safe and in proper condition for the ordinary use for which such vehicles were designed and used.

44. The Plaintiffs relied on the express warranties provided by the Defendants in accordance with the design, manufacture and sale of their recreational vehicles.

45. The Defendants' recreational vehicles were not of merchantable quality, were unsafe, and were defective and was not suitable for the purpose for which they were intended, including having a smoke alarm installed within 10 feet of a cooking appliance in violation NFPA 1192 and 72.

46. As the direct and proximate result of the Defendants' breach of express warranties, the Plaintiffs suffered damages in an amount to be determined at trial.

## COUNT III
### Breach of Implied Warranty

47. Plaintiffs repeat and reaver all of the allegations contained above as if rewritten and realleged herein.

48. The Defendants were merchant who sold recreational vehicles and held themselves out as having knowledge or skill specific to recreational vehicles.

49. The Defendants impliedly warranted that their recreational vehicles were of merchantable quality, fit for the particular purpose it was intended, safe and in proper condition for the ordinary use for which their recreational vehicles were designed and used.

50. The Plaintiffs relied on the implied warranties provided by the Defendants in accordance with the design, manufacture and sale of their recreational vehicles.

51. The Defendants' recreational vehicles were not of merchantable quality, were unsafe, were defective and were not suitable for the purpose for which they were intended.

52. As the direct and proximate result of the Defendants' breach of implied warranties, the Plaintiffs suffered damages in an amount to be determined at trial.

## COUNT IV
### Breach of Implied Warranty of Merchantability

53. Plaintiffs repeat and reaver all of the allegations contained above as if rewritten and realleged herein.

54. The Defendants were merchants who sold recreational vehicles who held themselves out as having knowledge or skill specific to such vehicles.

55. The Defendants impliedly warranted that their recreational vehicles were of merchantable quality and safe and in proper condition for the ordinary use for which the recreational vehicles were designed and used.

56. The Plaintiffs relied on the implied warranty of merchantability provided by the Defendants in accordance with the design, manufacture and sale of the Defendants' recreational vehicles.

57. The Defendants' recreational vehicles were not of merchantable quality, were unsafe and were defective, including having a smoke alarm installed within 10 feet of a cooking appliance in violation NFPA 1192 and 72.

58. As the direct and proximate result of the Defendants' breach of implied warranty of merchantability, the Plaintiffs have suffered damages in an amount to be determined at trial.

## COUNT V
## Strict Liability

59. Plaintiffs repeat and reaver all of the allegations contained above as if rewritten and realleged herein.

60. The Defendants' recreation vehicles were defective in they contained a ionization smoke alarm within ten feet of a fixed cooking appliance.

61. The Defendants are strictly liable for failing to warn Plaintiffs and other Class members that they installed in their recreational vehicles an ionization smoke alarm within 10 feet of fixed cooking appliance.

62. The Defendants installing the smoke alarms in their recreational vehicles within ten feet of a cooking device in violation of NFPA 1192 and 72 resulted in their recreational vehicles being defective and unreasonably dangerous.

63. The Defendants were well aware of the requirements of the NFPA regarding the installation of smoke alarms in these types of vehicles but nonetheless installed ionization smoke alarms within ten feet of a fixed cooking appliance as they certified that their vehicles were in compliance with NFA 1192 and 72.

64. As a result of the Defendants' conduct, the Plaintiffs suffered damages in an amount to be determined at trial.

## COUNT VI
## Misrepresentation

65. Plaintiffs repeat and reaver all of the allegations contained above as if rewritten and realleged herein.

66. BRK falsely represented that their recreational vehicles are in compliance with the NFPA standards, including NFPA 72 and 1192, when in fact they were not due to the

9

    Defendants installing ionization smoke alarms within 10 feet of a fixed cooking appliance in their recreational vehicles.

67. The Defendants knew such representation of fact was untrue or was recklessly made.

68. The Defendants intended to induce reliance by those who would foreseeably purchase the recreational vehicles.

69. This representation was a substantial factor in inducing reliance.

70. As a result of Defendants false representations, Plaintiff suffered damages in an amount to be determined at trial.

## **REQUESTS FOR RELIEF**

WHEREFORE, the Plaintiffs request on behalf of themselves and on behalf of members of the Class that this Court enter judgment as follows:

1. Certification of the proposed Class, including appointment of Plaintiffs' counsel as Class Counsel;

2. An order finding in favor of the Plaintiff and the Class on all Causes of action asserted herein;

3. An Order enjoining Defendants from continuing the unlawful, misleading, and deceptive practices alleged in this Complaint;

4. An order requiring the Defendants be financially responsible for notifying all Class members about the true nature, and limitations, of the Defendants' recreational vehicles;

5. An award of compensatory, statutory, exemplary, and punitive damages in amounts to be determined by the Court and/or jury;

6. An award of treble damages;

7. An award of prejudgment and post-judgment interest on all amounts awarded;

8. An order awarding the Plaintiffs and the Class their reasonable attorney's fees, litigations expenses, and costs, and

9. Such other or further relief as the Court deems just and appropriate.

PLAINTIFF CLAIMS TRIAL BY JURY

Respectfully Submitted,
The Plaintiffs,
By their attorneys,

 /s/ Paul K. Flavin
Paul K. Flavin, Esquire (BBO# 171145)
Brendan R. Pitts, Esquire (BBO# 673308)
Flavin Pitts, P.C.
424 Adams Street
Milton, MA 02186
(617) 698-3000
(617) 698-3001
pflavin@flavinpitts.com
bpitts@flavinpitts.com