UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS HINES, <br> RICHARD PRESCOTT, JR., and <br> JASON BURNS, <br><br> Plaintiffs, <br><br> v. <br><br> KEYSTONE RV COMPANY, <br> FOREST RIVER, INC., and <br> WINNEBAGO INDUSTRIES, INC., <br><br> Defendants. | Civil Action No. 1:24-cv-11476-IT |

MEMORANDUM & ORDER DENYING MOTIONS TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION

August 11, 2025

TALWANI, D.J.

In this putative class action, Plaintiffs Dennis Hines, Richard Prescott, Jr., and Jason Burns allege that they purchased defective recreational vehicles ("RVs") from Defendants Forest River, Inc. ("Forest River"), Winnebago Industries, Inc. ("Winnebago"), and Keystone RV Company ("Keystone"). Plaintiffs contend that ionization smoke alarms in the RVs were installed too close to cooking appliances, in violation of certain fire protection standards, resulting in increased risk of false smoke alarms when an occupant is cooking. See Am. Compl. ¶¶ 22, 24 [Doc. No. 18]. Plaintiffs allege that these false alarms led them to disable their smoke detectors, making the alarms ineffective. See id. ¶ 25. Plaintiffs assert claims for negligence, breach of express warranty, breach of implied warranty, breach of implied warranty of merchantability, and misrepresentation, and they seek injunctive relief and damages in the form of a photoelectric smoke alarm replacement for all putative class members, which Plaintiffs

allege will cure the decrease in value caused by the alleged defects in Defendants' recreational vehicles. See id. ¶¶ 28, 40.

Defendants seek dismissal of Plaintiffs' Amended Complaint [Doc. No. 18] pursuant to Fed. R. Civ. P. 12(b)(1). See Winnebago Mot. to Dismiss for Lack of Subject Matter Jurisdiction [Doc. No. 31]; Forest River Mot. to Dismiss [Doc. No. 28]; Keystone Mot. to Dismiss [Doc. No. 37].[1]

For the following reasons, dismissal under Fed. R. Civ. P. 12(b)(1) is DENIED.

I.  **Discussion**

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." Ne. Erectors Ass'n of the BTEA v. Sec'y of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 n.1 (1st Cir. 1995).

A.  *Standing*

The court's judicial authority is restricted by Article III of the Constitution to resolving actual cases and controversies. See Warth v. Seldin, 422 U.S. 490, 498 (1975). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Blum v. Holder, 744 F.3d 790, 795 (1st Cir. 2014) (quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013)). Three elements must be pled to satisfy this standing requirement: injury in fact, traceability, and redressability. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." See id.

---

[1] Forest River and Keystone also seek dismissal under Fed. R. Civ. P. 12(b)(6). The court will address the 12(b)(6) arguments in a separate order.

at 560 (internal citations omitted) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)). The plaintiff carries the burden of establishing standing. Kerin v. Titeflex Corp., 770 F.3d 978, 983 (1st Cir. 2014).

Plaintiffs' Amended Complaint suggests two possible bases for standing. First, Plaintiffs contend that Defendants' installation of ionization smoke alarms too close to cooking appliances resulted in an increased risk of false alarms, and that this risk of false alarms poses a concomitant safety risk "because occupants disable the alarm during the nuisance alarm and do not re-enable the alarm, leaving the occupants without the protection of the disabled alarm." Am. Compl. ¶¶ 24–25 [Doc. No. 18]. But the causal chain between Defendants' actions and any increased risk of fire is too attenuated for this injury to be sufficient to confer standing, where Plaintiffs effectively act as an intervening cause by disabling their own alarms and failing to re-enable them.

Second, Plaintiffs assert that the putative defects in Defendants' vehicles "results in a decrease in the value of the recreational vehicles." Am. Compl. ¶ 39 [Doc. No. 18]. Read generously, Plaintiffs' Amended Complaint alleges that Plaintiffs overpaid for their recreational vehicles because Defendants advertised their RVs as having smoke alarms compliant with fire industry standards when that was not the case.

Overpayment can constitute an injury sufficient to confer standing. See United Food & Commer. Workers Unions & Emplrs. Midwest Health Bens. Fund v. Warner Chilcott Ltd. (In re Asacol Antitrust Litig.), 907 F.3d 42, 47 (1st Cir. 2018) (finding "an injury in the form of lost money fairly traceable to an allegedly unlawful supra-competitive price"); In re Evenflo Co., Inc., Mktg., Sales Pracs. & Prods. Liab. Litig., 54 F.4th 28, 35 (1st Cir. 2022) (stating that the First Circuit "has repeatedly recognized overpayment as a cognizable form of Article III injury"

and accepting at the pleadings stage the "reasonable inference" that if the defendant had not made false marketing claims, "the product would have commanded a lower price, allowing the plaintiffs to pay less for it"); Watkins v. Musk, _ F. Supp. 3d _, 2025 WL 1661950, at *5 (D. Mass. June 12, 2025) (finding it "reasonable to infer that [misrepresentations about the driving ranges of electric vehicles ("EVs")] inflated the prices of the EVs Plaintiffs purchased, causing a cognizable injury in the form of overpayment").

Defendants, citing Kerin, 770 F.3d at 983, argue that overpayment does not constitute a concrete injury sufficient to confer standing where the alleged overpayment is premised on the threat of future harm. Defendants' Reply Mem. ISO MTD ("Defs.' Reply") at 2 [Doc. No. 48]. But Kerin explained that cases claiming standing based on risk "fall into at least two categories": "first, where standing is more frequently found, the present injury is linked to a statute or regulation or standard of conduct that allegedly has been or will soon be violated[,]" while in the second category, "the present injury has not been identified and so is entirely dependent on the alleged risk of future injury." 770 F.3d at 982. Kerin involved claims in the latter category, and the First Circuit rejected plaintiff's claim as "entirely dependent on an unsupported conclusion that [the product at issue] is defective, coupled with a speculative risk of future injury [fire in the event of a lightning strike]." Id. at 983. In this case, Plaintiffs explicitly alleged that Defendants' misrepresentations as to compliance with fire industry standards caused their RVs to be worth less than what Plaintiffs paid. See Am. Compl. ¶ 39 [Doc. No. 18].

Accordingly, the court finds that Plaintiffs' allegations that Defendants' representations as to the placement of their fire alarms inflated the prices of the RVs Plaintiffs purchased are sufficient to establish standing at the motion to dismiss stage.

B.   *CAFA Jurisdiction*

Plaintiffs seek to represent a class consisting of all persons (with certain limited exceptions) "who purchased and currently own a recreational vehicle manufactured by any of the Defendants that has an ionization smoke alarm installed within ten feet of a fixed cooking appliance." Am. Compl. ¶ 42 [Doc. No. 18]. They assert that this court has subject matter jurisdiction over the putative class action under the Class Action Fairness Act ("CAFA"). Id. ¶¶ 7–9. Forest River maintains that Plaintiffs failed to properly invoke this court's jurisdiction because they have failed to adequately allege that the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." Forest River Mem. ISO MTD 11–12 [Doc. No. 29] (quoting 28 U.S.C. § 1332(d)(2)).[2]

Jurisdiction over a putative class action under CAFA requires, inter alia, that the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the jurisdictional amount, the claims of the individual class members are aggregated. See 28 U.S.C. § 1332(d)(6). Where a suit is initially filed in federal court, "the amount [in controversy] specified by the plaintiff controls, as long as it is asserted in good faith." Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 49 n.3 (1st Cir. 2009) (quoting Barrett v. Lombardi, 239 F.3d 23, 30 (1st Cir. 2001)). "Once the damages allegation is challenged, however, 'the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" Amoche, 556 F.3d at 49 n.3 (quoting Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)). "A party

---

[2] Forest River's CAFA argument is reiterated (and expanded upon) in Defendants' joint reply. See Defs.' Reply 2 [Doc. No. 48].

may meet this burden by amending the pleadings or by submitting affidavits." Amoche, 556 F.3d at 49 n.3 Before a class has been certified, the district court properly considers on a challenge to CAFA jurisdiction both the size of the proposed class and the potential recovery. Cooper v. Charter Communs. Entertainments I, LLC, 760 F.3d 103, 106 (1st Cir. 2014).

Forest River contend that Plaintiff Prescott (who allegedly purchased an RV manufactured by Forest River) "does not identify his damages (he has none), much less explain how the putative class's aggregate damages exceed $5 million." Forest River Mem. ISO MTD 11–12 [Doc. No. 29]. But Plaintiffs assert that "Defendants' improper installation of the smoke alarm . . . resulted in the vehicles being defective[,]" that the defect "results in a decrease in the value of the recreational vehicles," and that Plaintiffs are "entitled to the replacement cost of a new photoelectric smoke alarm . . . , the installation of which will cure the decrease in value[.]" Am. Compl. ¶¶ 39–40 [Doc. No. 18]; see also id. ¶ 28 ([t]his action seeks damages from the Defendants in the form of a photoelectric smoke alarm replacement for all members of the proposed class[.]"). Forest River has not addressed these allegations and does not suggest that a replacement smoke alarm for all putative class members would not satisfy the jurisdictional amount.[3]

Therefore, Plaintiffs have met their burden to establish CAFA jurisdiction here.

---

[3] Plaintiffs state that "while the exact number of putative class members is currently unknown, and can only be ascertained through appropriate discovery, the members of the proposed class are likely to number in the millions." Am. Compl. ¶ 46. Defendants argue in their reply brief that the putative class number is "grossly overinclusive." See Defs.' Reply 2 [Doc. No. 48]. But where this argument was raised for the first time in a reply brief, and where a replacement smoke alarm for even a fraction of this number would satisfy the jurisdictional dollar amount, the court finds the CAFA allegations sufficient.

## II. Conclusion

For the foregoing reasons, Winnebago's Motion to Dismiss [Doc. No. 31] pursuant to Fed. R. Civ. P. 12(b)(1) is DENIED, and Forest River's Motion to Dismiss [Doc. No. 28] and Keystone's Motion to Dismiss [Doc. No. 37] are DENIED in part and remain under advisement in part.

IT IS SO ORDERED.

August 11, 2025                    /s/ Indira Talwani
                                                        United States District Judge